## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kennametal Inc. | ) | |
| | ) | |
| Plaintiff, | ) | No. _____ |
| | ) | |
| vs. | ) | Hon. |
| | ) | |
| Betek GmbH & Co. KG | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Kennametal Inc. ("Kennametal" or "Plaintiff"), by and through the undersigned attorneys, brings this lawsuit against Betek GmbH & Co. KG ("Betek" or "Defendant") and states, upon knowledge with respect to its own acts, and upon information and belief as to other matters, as follows:

## THE NATURE OF THE ACTION

1.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claims of U.S. Patent No. 6,378,952 ("the '952 patent") are not infringed by Kennametal's cutting tools, including the "Road Razor II," "Road Razor Classic," and/or "Road Razor ECO Pro" and/or are invalid under 35 U.S.C. §§ 102, 103, and/or 112, and that the '952 patent is unenforceable for patent misuse and patent exhaustion.

## THE PARTIES

2.      Kennametal is a Pennsylvania corporation, having its principal place of business at 1600 Technology Way, Latrobe Pennsylvania 15650.  Founded in Latrobe, Pennsylvania in 1938, Kennametal is a world leader in the metalworking industry.

3.      Upon information and belief, Betek is a German corporation, having its principal place of business at Sulgener Straße 21 – 23, 78733, Aichhalden.  Betek sells road milling tools in the United States, including Pennsylvania, exclusively through Betek's distribution partner Wirtgen America, having a principle place of business at 6030 Dana Way, Antioch, Tennessee 37013.

**JURISDICTION AND VENUE**

4.      This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over Defendant Betek by virtue of their systematic and continuous contacts with this jurisdiction.  In particular, on information and belief, Defendant Betek does systematic and continuous business in Pennsylvania by offering for sale, selling, and distributing into Pennsylvania a wide range of tungsten carbide wear products for use in various heavy construction industries.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**BACKGROUND**

**U.S. Patent No. 6,378,952**

7.      U.S. Patent No. 6,378,952 (the "'952 patent"), entitled "Tool for a Coal Cutting, Mining or Road Cutting Machine," issued to Bernhard Moosmann and Thomas Allgaier on April 30, 2002.  Betek is listed as the assignee on the face of the '952 patent.  A copy of the '952 patent is attached to this complaint as Exhibit A.

8.      The '952 patent contains 10 claims.  Claims 1 and 10 are independent.  Claims 2-9 depend from claim 1.

9.      Independent Claims 1 and 10 are directed generally to a tool used for coal cutting, mining or road cutting.  The tool includes the combination of a holder and a cutting tool inserted in the holder.  The tool holder includes a projection with wear markings, while the cutting tool includes a round-shaft cutter, a support surface, and a wear-protection disc.

10.     Claims 2 through 9 further limit claim 1 as to specific size, shape, and materials of the support surface, wear protection disc and holder.

### Kennametal's Cutting Tools

11.     Kennametal makes, sells, and offers for sale in the United States different versions or models of a tool that comprises a steel tool body, a hard carbide tip brazed to the steel tool body at the top end, a retainer carried by the steel tool body adjacent to the bottom end, and a washer carried by the resilient retainer (hereinafter referred to as the "Kennametal Cutting Tool").  The Kennametal Cutting tool is used in road milling.  An example of a Kennametal Cutting Tool, the Road Razor ECO, is represented below in Figure 1:



Figure 1

12.     In order for the Kennametal Cutting Tool to be used as intended, it must be rotatably mounted in the bore of a holder.  Kennametal makes and sells several types of holders

which do not contain any wear indicating marks (hereinafter the "Kennametal Holders").  In general, the cutting tool will wear considerably faster than the holder and thus will need to be replaced more often (including as often as daily or several times per day).  An example of a Kennametal Holder, the CB10, is represented below in Figure 2:



Figure 2

13.     Kennametal makes, sells, and offers for sale in the United States (a) the Kennametal Cutting Tool and the Kennametal Holder together, (b) the Kennametal Cutting Tool alone, and (c) the Kennametal Holder alone.  Kennametal does not make, sell, or offer for sale a holder having wear indicating marks, a fact of which Betek is aware.

14.     Defendant Betek sells and offers for sale in the United States holders having wear indicating marks under the designation HT11 and HT22 holders.  Kennametal's Cutting Tools are compatible and may be used with the Betek holders having wear indicating marks.

15.     On information and belief, the entire basis for Betek's claim for patent infringement of the '952 patent by Kennametal is in scenarios whereby a Kennametal Cutting Tool is used with a lawfully obtained Betek holder having wear indicating marks.

16.     When Betek sells a holder having wear indicating marks, this sale "exhausts" all of Betek's rights in patents, such as the '952 patent, that are substantially embodied by the Betek holder.  Yet Betek has taken the illegal position that its patent rights are not exhausted by such sales.

17.     Moreover, when a customer replaces a consumable component of a lawfully obtained patented article, such replacement is permissible repair.  Betek has again taken the illegal position that such a replacement is not a permissible repair.

18.     Through these practices, Betek has extended its patent rights beyond their proper legal scope – the very essence of patent misuse.

**Betek's Assertions of Infringement**

19.     The '952 patent issued on April 30, 2002.  On or about February 18, 2004, Betek first raised the issue of Kennametal's alleged infringement of the '952 patent along with the foreign counterpart German Patent No. 199 22 320.  See, Exhibit B.  A series of communications between counsel for Betek and Kennametal followed including a May 5, 2004 letter from Kennametal to Betek wherein Kennametal denies that any of its products can possibly infringe the '952 patent.  See, Exhibit C.  The communications ended with a January 12, 2005 letter from Betek to Kennametal again alleging infringement of the '952 patent.  See, Exhibit D.  No further discussions occurred between Betek and Kennametal.

20.     Next, on or about October 15, 2012, **over seven-and-a-half years after the last communication**, Betek sent Kennametal a notice of infringement letter regarding German Patent No. 199 22 320.  See, Exhibit E.  The October 15, 2012 letter makes no mention of the '952 patent.

21.     Finally, on or about April 30, 2014, **over nine years after the last communication**, and during a meeting on other matters, Betek again raised the issue of

Kennametal's alleged infringement of the '952 patent.  Following that meeting, on May 2, 2014, J. Herrmann, counsel for Betek, sent an e-mail to Kennametal alleging infringement of the '952 patent and attaching a list of Kennametal cutting tool part numbers that Betek alleged were infringing.  See, Exhibit F, May 2, 2014 email from Betek to Kennametal with attached part list (in German with Google translation attached).   In the same e-mail, Mr. Herrmann also demanded a 6.25% royalty going back to the year 2000.

22.    On May 5, 2014, counsel for Kennametal responded and sought additional information, stating:

> On behalf of Kennametal Inc., we request to be provided with an explanation why the sale of round shaft tools by an entity of the Kennametal group infringes the claims of US Patent 6,378,952. Your explanation should also address the issues of laches, forfeiture, exhaustion of the patent rights, permissible repair versus reconstruction, and infringement of Jepson format.

See, Exhibit G, May 6, 2014 letter from Kennametal to Betek.

23.    Betek never responded to Kennametal's May 5, 2014 request for an explanation. Instead, on July 15, 2014, Betek sent a formal notice of infringement letter to Kennametal asserting direct and indirect infringement of the '952 patent and stating, in part, "[i]t has come to our attention that Kennametal is continuing to sell articles that infringe one or more claims of the ['952] patent."  See, Exhibit H, notice of infringement letter from Betek to Kennametal.  The July 15, 2014 notice of infringement letter further states that "our client must hold violators of its intellectual property rights fully liable for any harm it suffers."

24.    Kennametal responded to the July 15, 2014 letter on August 5, 2014 and stated that they had received the letter of July 15, 2014 alleging that Kennametal infringed the claims of US Patent No. 6,378,952 and that Kennametal was reviewing the allegation and would respond in due course.  See, Exhibit I.

25.     Next, on September 11, 2014, one of the co-inventors of the '952 patent, Thomas Allgaier, wrote to Kennametal regarding Kennametal's alleged patent infringement and seeking a swift resolution to "get to bypass a trial."   See, Exhibit J (in German with Google translation attached).

26.     Finally, on October 1, 2014, Betek wrote to Kennametal and demanded a response to their financial demands by October 13, 2014.  See, Exhibit K.

### COUNT I
### Declaratory Judgment of Non-Infringement of the '952 Patent

27.     Kennametal re-alleges and incorporates herein the allegations of paragraphs 1-26.

28.     There is an actual, substantial, continuing and justiciable controversy between Kennametal and Betek regarding whether Kennametal's Cutting Tool products infringe a valid claim of the '952 patent.

29.     Betek has threatened to file a patent infringement suit as to the '952 patent.

30.     There exists a substantial controversy, between Kennametal and Betek, having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31.     Kennametal has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '952 patent and is not liable for such infringement.

32.     Any allegation of patent infringement stemming from the combination of a Kennametal Cutting Tool and a lawfully obtained holder having wear indicating marks, including specifically a Betek holder having wear indicating marks, is barred by the doctrines of patent exhaustion and/or permissible repair.

33.     In addition, Betek's claims of infringement are barred, in whole or in part, by the doctrines of estoppel, waiver, acquiescence, and/or laches.  Betek first wrote to Kennametal

alleging infringement of the '952 patent in 2004.  After negotiations stalled and ended in 2005, Betek misled Kennametal by waiting over nine years to again bring an allegation of infringement of the '952 patent.  Kennametal relied upon this silence to expand its cutting tool product line – including the current products accused of infringement – at considerable cost and expense.

34.     Kennametal is entitled to a declaration that all claims of the '952 patent are not infringed.

## COUNT II
## Declaratory Judgment of Patent Misuse

35.     Kennametal re-alleges and incorporates herein the allegations of paragraphs 1-34.

36.     By the acts alleged, Betek has engaged, and continues to engage in, misuse of the '952 patent that is exhausted by the Betek-authorized sale of holders having wear indicating marks.  Betek has used these exhausted patent rights to obtain market benefits beyond what is granted in the statutory patent right with anticompetitive effects.

37.     On information and belief, Betek itself makes and has made authorized sales of holders having wear indicating marks which substantially embody the '952 patent.  These sales "exhaust" and/or terminate all of Betek's rights to enforce the '952 patent against these products.

38.     Betek has also sought to extend its rights in the '952 patent to include situations whereby a customer replaces a consumable component (i.e., the cutting tool) of a lawfully obtained patented article (i.e., the holder having wear indicating marks).  Such an extension of patent rights is illegal in light of the permissible repair doctrine.

39.     By impermissibly broadening the scope of its patent rights, Betek has created anticompetitive effects in the cutting tool market, as described in this Complaint.

40.     In that Betek has misused the '952 patent to obtain anticompetitive benefit and to harm Kennametal, there is an actual controversy between Kennametal and Betek, the parties

have adverse legal interests, and their dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

41.     The Court should declare that Betek has misused its '952 patent rights to obtain market benefits beyond what is granted in the statutory patent right, with significant anticompetitive effects described above.

42.     The Court should declare that Betek has misused, and continues to misuse, the '952 patent that is exhausted by the sale of Betek holders having wear indicating marks.

43.     The Court should declare that Betek has misused, and continues to misuse, the '952 patent by extending its claimed statutory patent rights to include the permissible repair of cutting tools, as described above.

44.     The Court should further declare that the '952 patent claims that are or have been substantially embodied by Betek holders having wear indicating marks are unenforceable against Kennametal and generally.

## COUNT III
## Declaratory Judgment of Patent Exhaustion

45.     Kennametal re-alleges and incorporates herein the allegations of paragraphs 1-44.

46.     As explained above, and on information and belief, Betek itself makes and has made authorized sales of holders having wear indicating marks which substantially embody the '952 patent.  These sales "exhaust" and/or terminate all of Betek's rights to enforce the '952 patent against these products.  Yet Betek has maintained that its '952 patent is not exhausted by its holder sales.  Betek's conduct has harmed the industry and consumers generally, and Kennametal specifically.

47.     In that Betek has over-asserted its patent rights – beyond the scope set by exhaustion principles – to obtain anticompetitive benefit and to harm Kennametal, there is an

actual controversy between Kennametal and Betek, the parties have adverse legal interests, and their dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

48.     The Court should declare that those Betek patents, including the '952 patent, substantially embodied in any holder having wear indicating marks sold by or on behalf of Betek are exhausted upon that sale, both with respect to the holder and any tool incorporating the holder, terminating all of Betek's rights in these patents as applied to such products.

49.     The Court should exercise its equitable jurisdiction and declare that where Betek has over-asserted its rights in the '952 patent, the '952 patent is generally unenforceable.

**COUNT IV**
**Declaratory Judgment of Invalidity of the '952 Patent**

50.     Kennametal re-alleges and incorporates herein the allegations of paragraphs 1-49.

51.     This is a claim under the patent laws of the United States (35 U.S.C. §§ 1, *et seq.*) for a declaration that the '952 patent is invalid.

52.     An actual controversy exists between Kennametal and Betek as to the invalidity of the '952 patent, as evidenced above.

53.     The '952 patent is invalid for failure to meet with the requirements of, *inter alia*, Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103 and/or 112.

54.     The aforesaid acts of Betek have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Kennametal for which Kennametal has no adequate remedy at law and for which Kennametal is entitled to declaratory and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Kennametal respectfully requests that this Court enter a Judgment and Order in its favor and against Betek as follows:

A.      declaring that all claims of the '952 patent are not infringed and/or are invalid;

B.      declaring that Betek has misused, and continues to misuse, the '952 patent;

C.      declaring exhausted the Betek patents, including the '952 patent, substantially embodied in any holder having wear indicating marks sold by or on behalf of Betek, terminating all of Betek's rights in these patents as applied to such products;

D.      declaring that any claims of infringement by Betek are barred by the doctrines of estoppel, waiver, acquiescence, and/or laches;

E.      declaring this case to be exceptional and awarding Kennametal its attorneys' fees, costs and/or expenses; and,

F.      awarding such other relief as the Court determines to be just and proper.

Kennametal demands a jury trial for all issues so triable.

Respectfully submitted,

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

*/s/ Douglas M. Hall*
Eric G. Soller, Esquire
Alan G. Towner, Esquire
Douglas M. Hall, Esquire

One Oxford Centre - 38th Floor
301 Grant Street
Pittsburgh, Pennsylvania  15219
Phone:   (412) 263-2000
Email: EGS@Pietragallo.com
Email:  AGT@Pietragallo.com
Email:  DMH@Pietragallo.com

*Counsel for Plaintiff,*
*Kennametal Inc.*